UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RONALD BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00558-ACA-SGC |
| ) | |
| JEFF DUNN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The magistrate judge entered a report on August 17, 2022 recommending that the court dismiss without prejudice certain claims asserted in Plaintiff Ronald Barnes's amended complaint, including all claims against Alabama Governor Kay Ivey, for lack of jurisdiction on standing, Eleventh Amendment immunity, and/or mootness grounds. (Doc. 54). The magistrate judge further recommended that to the extent her jurisdictional analysis left a potentially viable claim against Warden Jones, the court should dismiss the claim pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*Id.*). The magistrate judge also recommended that the court deny without prejudice Governor Ivey's request that the court vacate its order taxing the costs of personal service against her. (*Id.*). Finally, the

magistrate judge recommended that the court refer all remaining claims to her for further proceedings. (Doc. 54).

The magistrate judge advised the parties of their right to file specific written objections within fourteen days. (*Id.* at 31–32). Governor Ivey was the only party to file objections. (Doc. 55).

The only aspect of the report and recommendation to which Governor Ivey objects is the determination that the court deny without prejudice her request that the court vacate its order taxing the costs of personal service against the Governor. (Doc. 55). The court taxed the costs of personal service to Governor Ivey after she failed to file a service waiver within the time required by Rule 4(d) of the Federal Rules of Civil Procedure and the court's order for special report, which the court extended on multiple occasions. (Docs. 16, 25, 32). Governor Ivey requested vacation of the order on the ground that a state official sued in her official capacity is not subject to the service waiver provisions of Rule 4(d). (Doc. 51 at 11–12). The magistrate judge recommended that the court deny the request because the amended complaint names Governor Ivey as a defendant not only in her official capacity, but also in her individual capacity, and a public official sued in her individual capacity is subject to the service waiver provisions of Rule 4(d). (Doc. 54 at 26–30).

In her objections, Governor Ivey argues for the first time that the amended complaint does not name her as a defendant in her individual capacity, but rather only in her official capacity. (Doc. 55).[1] She also asserts she should not be responsible for service costs because the magistrate judge has determined all claims against her are due to be dismissed for lack of jurisdiction. (Doc. 55).

Governor Ivey advances two arguments to support her contention the amended complaint does not name her as a defendant in her individual capacity. First, she argues the court should presume a public official is sued only in her official capacity. (Doc. 55 at 3-4). Whether such a presumption is ever appropriate, it is inappropriate here, where Mr. Barnes selected a box on the complaint form indicating he was suing Governor Ivey in her individual capacity. (Doc. 14 at 2).

Second, Governor Ivey argues the court should look past the selection made by Mr. Barnes on the complaint form and analyze the "course of proceedings" to determine the capacity in which Mr. Barnes sued Governor Ivey. (Doc. 55 at 4-

---

[1] It is not apparent why Governor Ivey has not made this argument before now. As discussed below, it is clear the amended complaint names Governor Ivey as a defendant in her official <u>and</u> individual capacities. Moreover, in its order sustaining Governor Ivey's objection that she did not have an opportunity to move to dismiss all claims against her after the court screened Mr. Barnes's amended complaint pursuant to 28 U.S.C. 1915A and entered an order for special report, the court stated that Mr. Barnes sued Governor Ivey "in her official <u>and</u> individual capacities" and gave Governor Ivey an opportunity to file a motion to dismiss "<u>any and all</u> claims against her." (Doc. 50 at 1) (emphasis added).

3

6). The Eleventh Circuit has advised courts to look to the "course of proceedings" to determine the capacity in which defendants are sued "[w]hen it is not clear in which capacity the defendants are sued." *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1047 (11th Cir. 2008). Here, it is clear in which capacities Mr. Barnes sued Governor Ivey. As stated, Mr. Barnes selected boxes on the complaint form indicating he was suing Governor Ivey in her official <u>and</u> individual capacities.

Governor Ivey cites 28 U.S.C. § 1915(e)(2), a provision of the Prison Litigation Reform Act (PLRA), to support her argument that the magistrate judge's determination all claims against her are due to be dismissed for lack of jurisdiction absolves her of responsibility for failing to return a service waiver. (Doc. 55 at 6–7). Section 1915(e)(2) provides that a court "shall dismiss" a lawsuit filed by a prisoner proceeding *in forma pauperis* "at any time," if the court determines the lawsuit "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). According to Governor Ivey, if a court is required to dismiss a meritless lawsuit filed by a prisoner proceeding *in forma pauperis* at any time, which includes *sua sponte* prior to service, a defendant asked to waive service in relation to a lawsuit later determined to be

4

meritless should not have to pay any costs associated with its failure to return a service waiver. (Doc. 55 at 6–7).

As the magistrate judge noted, a defendant's assertion the court lacks jurisdiction does not establish good cause for failing to comply with a service waiver request. (Doc. 54 at 26, citing Fed. R. Civ. P. 4, advisory committee's note to 1993 amendments). In other words, a defendant cannot refuse to waive service because she believes the court is without authority to entertain the claims asserted in a lawsuit. Governor Ivey does not analyze the interplay between § 1915(e)(2) and Rule 4(d) or cite authority that would support her position Rule 4(d) does not apply, or applies differently, in the context of a lawsuit brought by a prisoner proceeding *in forma pauperis*. At the end of the day, a finding of good cause "should be rare." Fed. R. Civ. P. 4, advisory committee's note to 1993 amendments. Governor Ivey has failed to convince the court the dismissal of the claims against her on jurisdictional grounds absolves her of responsibility for failing to return a service waiver. *See Smith v. Conner*, 2013 WL 1482761, at *1 (M.D. Fla. Apr. 10, 2013) (holding that while the purpose of the PLRA is to curtail abusive prisoner litigation, defendants who cited no authority for the assertion Rule 4(d) is inapplicable to cases brought by abusive prison litigants had not shown good cause for failing to waive service).

After careful consideration of the record in this case, the magistrate judge's report, and Governor Ivey's objections, the court **OVERRULES** Governor Ivey's objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** her recommendation.

Consistent with that recommendation, the court **GRANTS** Governor Ivey's pending motion (doc. 51) to the extent the court **DISMISSES WITHOUT PREJUDICE** all claims against her on standing and Eleventh Amendment immunity grounds. The court **DENIES WITHOUT PREJUDICE** Governor Ivey's motion (doc. 51) to the extent Governor Ivey requests the court vacate its order taxing the costs of personal service against her.

The court **DISMISSES WITHOUT PREJUDICE** the claims for injunctive relief against Former Commissioner Dunn and Wardens Jones, Givens, and Brooks in their individual capacities

The court **DISMISSES WITHOUT PREJUDICE** the claims for injunctive relief against Wardens Jones, Givens, and Brooks in their official capacities as moot.    The court **DISMISSES WITHOUT PREJUDICE** the claims for money damages against Commissioner Hamm; Wardens Jones, Givens, and Brooks; and Officer Altice in their official capacities on Eleventh Amendment immunity grounds.

The court **DISMISSES WITHOUT PREJUDICE** the claim for money damages against Warden Jones in her individual capacity pursuant to Rule 4(m).

The claims that remain pending in this action are (1) the claims for money damages against Former Commissioner Dunn; Wardens Givens and Brooks; and Officer Altice in their individual capacities; and (2) the claim for injunctive relief against Commissioner Hamm in his official capacity. The court **REFERS** these claims to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this September 21, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE